**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) ANTHONY PAOLERCIO, an individual, and <br> (2) DESTINY PAOLERCIO, an individual, <br><br>　　　　　　　　　　　　　Plaintiffs, <br><br> vs. <br><br> (1) JEFF GRIMES, an individual, <br> (2) TYLER REEDER, an individual, <br> (3) LAURA SHOOPMAN, an individual, and <br> (4) JASPER ESTATES HOMEOWNER'S ASSOCIATION, INC., an Oklahoma not-for Profit corporation, <br><br>　　　　　　　　　　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 21-cv-00268-TCK-SH <br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** <br> **ATTORNEY LIEN CLAIMED** |

**COMPLAINT**

COMES NOW, the Plaintiffs, Anthony Paolercio and Destiny Paolercio, by and through their counsel of record, Joel A. LaCourse and Zachary M. Keen of LaCourse Law, PLLC, and hereby state their causes of action against the Defendants, Jeff Grimes, Tyler Reeder, Laura Shoopman, and the Jasper Estates Homeowner's Association. In support of their causes of action, Plaintiffs allege, and state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Anthony Paolercio is a resident of Tulsa County, State of Oklahoma, at all times relevant hereto.

2. Plaintiff Destiny Paolercio is a resident of Tulsa County, State of Oklahoma, at all times relevant hereto.

3. Defendant Jeff Grimes, upon information and belief, is a resident of Tulsa County, State of Oklahoma, at all times relevant hereto.

1

4. Defendant Tyler Reeder, upon information and belief, is a resident of Tulsa County, State of Oklahoma, at all times relevant hereto.

5. Defendant Laura Shoopman, upon information and belief, is a resident of Tulsa County, State of Oklahoma, at all times relevant hereto.

6. Defendant Jasper Estates Homeowners Association, Inc. is an Oklahoma Not for Profit Corporation at all times relevant hereto.

7. At all times herein, Defendants Jeff Grimes, Tyler Reeder, and Laura Shoopman were acting in their capacity of Officers and Members of the Board of Jasper Estates Homeowners Association, Inc.

8. This action is brought before this Court pursuant to 28 U.S.C. § 1331 to exercise subject matter jurisdiction as Plaintiffs are asserting, amongst other claims, a cause of action for violating the Federal Fair Housing Act.

9. One of the Plaintiffs' causes of action is for declaratory relief pursuant to and in accordance with Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202 to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under the Federal Fair Housing Act to make a reasonable accommodation for an emotional support animal, as described more fully below.

10. Venue is proper under 28 U.S.C. § 1391 because the actions described herein occurred within the confines of the Northern District of Oklahoma.

11. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all claims pleaded herein, because all claims form part of the same case or controversy.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. The Jasper Estates Homeowners Association, Inc. (hereinafter referred to as "the HOA") was formed when the Jasper Estates development began.

13. Plaintiffs Anthony and Destiny Paolercio own a lot within the Jasper Estates Development.

14. Defendants Jeff Grimes, Tyler Reeder, and Laura Shoopman served as the Officers of the HOA at all times relevant hereto.

15. Plaintiffs began building a chicken coop on their property to house chickens they were purchasing for use as emotional support animals to assist with Plaintiff Destiny Paolercio's anxiety issues.

16. Plaintiff Destiny Paolercio's therapist documented her need for several emotional support chickens.

17. On May 26, 2020, Plaintiff Anthony Paolercio spoke with Jeff Grimes, who was acting in his capacity as President of the HOA about the coop. At that time, Anthony Paolercio informed Mr. Grimes about his wife's anxiety issues and requested a reasonable accommodation to the bylaws of the homeowner's association bylaws to allow them to have a few hens.

18. During that conversation, Jeff Grimes gave his verbal consent for the coop and chickens.

19. On June 8, 2020, the HOA, through its President Jeff Grimes, made a formal request for documentation of the need for an emotional support animal from Destiny's therapist.

20. On June 12, 2020, Destiny Paolercio asked Jeff Grimes about procedures that the HOA had in concern to the accommodation for her emotional support chickens.

21. On June 13, 2020, Tyler Reeder, acting as Treasurer and a member of the HOA board, sent a letter to the Plaintiffs ordering them to remove the chicken coop while threatening them with several veiled threats. In acting this way, Mr. Reeder acted outside of the HOA Board's procedures for handling violations of HOA covenants.

22. On June 15, 2020, Plaintiff Anthony Paolercio submitted a written request to the HOA Board for a reasonable accommodation for Plaintiff Destiny Paolercio's emotional support chickens and an additional evaluation from Plaintiff Destiny Paolercio's therapist.

23. On June 20, 2020, Plaintiffs met with the Defendants and attempted to resolve the issues. On that date, Plaintiffs submitted to the HOA a summary of their meeting, another written request for reasonable accommodation, and another evaluation from Destiny Paolercio's therapist confirming the need for the emotional support chickens.

24. On July 6, 2020, the Defendants claimed to have never received the emails from June 20, 2020.

25. On July 13, 2020, the Defendants emailed members of the HOA about new voting procedures.

26. On August 23, 2020, Plaintiff Anthony Paolercio shared with the HOA board members an emotionally charged incident from Plaintiff Destiny Paolercio's past which explained the need for an emotional support animal.

27. That the HOA attorney admitted that a reasonable accommodation must be made to support Plaintiff Destiny Paolercio's emotional support animal.

28. Between August 15, 2020 and September 19, 2020, the board of the HOA unilaterally disregarded previous voting results constructed a new ballot to address previous votes, including the authority to fine homeowners who fail to comply with HOA covenants.

29. The HOA board members revealed Destiny Paolercio's private need for an emotional support animal and defaming the Plaintiffs at an Association meeting on September 28, 2020.

30. On October 14, 2020, Plaintiff Destiny Paolercio was removed from her position on the Architecture Committee of the HOA in violation of an earlier promise that she would continue to serve on the architectural committee and that Defendant Tyler Reeder would step down in favor of another HOA member.

31. On February 15, 2021, the HOA began fining Plaintiffs for their keeping the emotional support chickens and the coop on the premises and has continued to fine them through the filing of this Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

32. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

33. Defendants attempted to force Plaintiffs to remove the chickens from their neighborhood.

34. Defendants attempted to force Plaintiffs to keep the chickens inside.

35. Defendants interfered with Plaintiffs' quiet enjoyment of their property.

36. Plaintiffs provided the HOA with all appropriate documentation, including a reasonable written request and a letter from Destiny Paolercio's therapist, that Plaintiff Destiny Paolercio was approved for five (5) emotional support chickens.

WHEREFORE, premises considered, Plaintiffs pray that this Court grant relief in the form of a declaration of the Court that the HOA is barred from forcing Plaintiffs from emotional support chickens on their premises as warranted by Destiny Paolercio's condition, award attorney's fees and costs, accruing interest, and any other relief this Court deems equitable and just.

## SECOND CAUSE OF ACTION
**(Violation of the Fair Housing Act)**

37. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

38. Plaintiffs submitted written requests and documentation from Plaintiff Destiny Paolercio's therapist to the HOA regarding Plaintiff's emotional support chickens.

39. The HOA is a housing provider as provided in the Fair Housing Act, 42 U.S.C. §3601 *et seq.*

40. Defendants refused to make a reasonable accommodation for Plaintiff's emotional support chickens.

41. Defendants violated the Fair Housing Act.

42. Plaintiffs suffered damages as a result of Defendants' violations of the Fair Housing Act.

WHEREFORE, premises considered, Plaintiffs pray that judgment be entered in their favor and against the Defendants, for compensatory damages in an amount exceeding $10,000.00, assess exemplary or punitive damages in an amount which is commensurate with the Defendants' financial status and sufficient to punish and make an example of them, and to deter others similarly

situated from like behavior, that they be awarded their costs and a reasonable attorney's fee, accruing interest, and any other ancillary relief to which they may be entitled, including any relief deemed by this Court to be equitable and just.

### THIRD CAUSE OF ACTION
### (Retaliation)

43. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

44. Plaintiffs asserted their rights and insisted on a reasonable accommodation from the HOA for Plaintiff's emotional support chickens.

45. Defendants retaliated by engineering an election to remove Plaintiff Destiny Paolercio from the HOA's Architectural Committee when she had been previously promised she would continue as a member of the committee.

WHEREFORE, premises considered, Plaintiffs pray that judgment be entered in their favor and against the Defendants, for compensatory damages in an amount exceeding $10,000.00, assess exemplary or punitive damages in an amount which is commensurate with the Defendants' financial status and sufficient to punish and make an example of them, and to deter others similarly situated from like behavior, that they be awarded their costs and a reasonable attorney's fee, accruing interest, and any other ancillary relief to which they may be entitled, including any relief deemed by this Court to be equitable and just.

### FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

46. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

47. The Defendants knew that Plaintiff Destiny Paolercio was in a vulnerable emotional state after her childhood trauma was revealed.

48. Plaintiffs asked the HOA board members to keep these revelations private.

49. Defendants continued to act in a manner that was harassing to Plaintiffs after this revelation.

50. Defendants revealed Plaintiff's emotional and medical status during the HOA member meeting on September 28, 2020.

51. Defendant's conduct was outrageous and intolerable in civilized society.

WHEREFORE, premises considered, Plaintiffs pray that judgment be entered in their favor and against the Defendants, for compensatory damages in an amount exceeding $10,000.00, assess exemplary or punitive damages in an amount which is commensurate with the Defendants' financial status and sufficient to punish and make an example of them, and to deter others similarly situated from like behavior, that they be awarded their costs and a reasonable attorney's fee, accruing interest, and any other ancillary relief to which they may be entitled, including any relief deemed by this Court to be equitable and just.

## FIFTH CAUSE OF ACTION
**(Invasion of Privacy)**

52. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

53. Defendants informed their neighbors and fellow HOA members that Destiny Paolercio suffered from childhood trauma and that she needed the chickens as emotional support animals to help her address the trauma.

54. Plaintiffs disclosed this information to the HOA board members in confidence, and it was expected that these facts were private.

55. The disclosure of this information was highly offensive to a reasonable person because it was completely unnecessary, and its only purpose was to incite Plaintiffs' neighbors against them.

56. Defendants' conduct was outrageous and intolerable in civilized society.

WHEREFORE, premises considered, Plaintiffs pray that judgment be entered in their favor and against the Defendants, for compensatory damages in an amount exceeding $10,000.00, assess exemplary or punitive damages in an amount which is commensurate with the Defendants' financial status and sufficient to punish and make an example of them, and to deter others similarly situated from like behavior, that they be awarded their costs and a reasonable attorney's fee, accruing interest, and any other ancillary relief to which they may be entitled, including any relief deemed by this Court to be equitable and just.

## SIXTH CAUSE OF ACTION
### (Vicarious Liability)

57. Plaintiffs hereby incorporate and restate the foregoing paragraphs of this Complaint as if set forth and restated fully herein.

58. At all times herein, Defendants Jeff Grimes, Tyler Reeder, and Laura Shoopman were acting as Officers and Members of the Board of Directors for the HOA.

59. That Defendant Jasper Estates Homeowner's Association, Inc., as the principal of the other Defendants listed herein, is vicariously liable for the acts of the Defendants against Plaintiffs.

WHEREFORE, premises considered, Plaintiffs pray that judgment be entered in their favor and against the Defendants, for compensatory damages in an amount exceeding $10,000.00, assess exemplary or punitive damages in an amount which is commensurate with the Defendants' financial status and sufficient to punish and make an example of them, and to deter others similarly

situated from like behavior, that they be awarded their costs and a reasonable attorney's fee, accruing interest, and any other ancillary relief to which they may be entitled, including any relief deemed by this Court to be equitable and just.

    Respectfully submitted,

    **LaCourse Law, PLLC**

    /s/ Joel A. LaCourse
    Joel A. LaCourse, OBA #17082
    Zachary M. Keen, OBA #33016
    715 S. Elgin Avenue, Suite 100
    Tulsa, Oklahoma 74120
    Telephone: (918) 744-7100
    Facsimile:  (918) 477-2299
    joel@lacourselaw.com
    zachary@lacourselaw.com
    ***Attorneys for Plaintiffs***